IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:07CR339 |
| vs. | |
| LAWRENCE RAY COOK, | ORDER |
| Defendant. | |

This matter is before the court on defendant Lawrence Cook's motion for a certificate of appealability, Filing No. 143. This court denied Cook's motion and amended motion to vacate, set aside, or correct his sentence. Filing No. 141. Cook contends the court did not address his double jeopardy and prosecutorial misconduct arguments. The court did address the double jeopardy issue. *Id.* at 7-8. With respect to the prosecutorial misconduct claim, Cook's amended motion contained only the conclusory allegation that "[the Assistant United States Attorney's] determination to achieve a conviction in this case led her to circumvent federal laws, statutes, and ethics rules demonstrating indifference to the obligation of honesty in the judicial system," with no supporting facts. Filing No. 140, Amended Motion at 1. The court did not address the issue for the reason that such conclusory allegations do not deserve discussion. To the extent the record in unclear, based on its familiarity with the case, the court finds no prosecutorial misconduct. It is not unusual for a prosecutor to be determined to obtain a conviction. Further, Cook did not raise the prosecutorial misconduct issue in his appeal, so the claim would be barred in any event.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the right to appeal the denial of a § 2255 motion is governed by the certificate of

appealability requirements codified at 28 U.S.C. § 2253(c). *Jones v. Delo*, 258 F.3d 893, 900-01 (8th Cir. 2001). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a proceeding under section 2255. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1) ("the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)").

Under Rule 11 of the Rules Governing § 2255 Proceedings, 28 U.S.C. foll. § 2255, ("Section 2255 Rules"), "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2255 Rule 11(a). "If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)" and if the court denies a certificate, "a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *Id.* Under the Federal Rules of Appellate Procedure, in a 28 U.S.C. § 2255 proceeding, "[i]f the district judge has denied the certificate, the applicant may request a circuit judge to issue it." Fed. R. App. P. 22(b)(1).

To make a substantial showing of the denial of a constitutional right, a petitioner must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. *Bell v. Norris*, 586 F.3d 624, 632 n.3 (8th Cir. 2009); *Cox v. Norris*, 133 F.3d 565, 569 and n.2 (8th Cir. 1997) (applying AEDPA's

standards and stating, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently or the issues deserve further proceedings.").

Upon review of the record, the court concludes that the petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Based on the record, reasonable jurists could not differ on the defendant's § 2255 claims. Accordingly, the court finds the defendant's motion for a certificate of appealability should be denied. Accordingly,

IT IS ORDERED that the court finds the defendant's motion for a certificate of appealability (Filing No. 143) should be denied.

DATED this 10th day of August, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge